An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
LUIS J. ROJAS, BAR NO. 5107.

No. 67612

**FILED**

MAY 0 1 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK



### ORDER OF TEMPORARY SUSPENSION AND REFERRAL TO DISCIPLINARY BOARD

The State Bar has filed a petition under SCR 111(4) seeking the temporary suspension of attorney Luis J. Rojas. The petition is based on Rojas's conviction in the United States District Court for the District of Nevada, pursuant to a guilty plea, of making a false statement under under 18 U.S.C. § 1001, a felony. Rojas timely informed the State Bar of his conviction. *See* SCR 111(2).

When an attorney has been convicted of a serious crime, SCR 111 provides that this court shall enter an order suspending that attorney. SCR 111(7). A felony is explicitly a "serious crime" under SCR 111, and a guilty plea constitutes a "conviction." SCR 111(1), (6). Rojas pleaded guilty to a felony count and has therefore been convicted of a serious crime for purposes of SCR 111.

Accordingly, we temporarily suspend Rojas from the practice of law and refer this matter to the Southern Nevada Disciplinary Board

SUPREME COURT
OF
NEVADA

(O) 1947A

15-13312

for the initiation of formal disciplinary proceedings in which the sole issue to be determined is the extent of discipline to be imposed. *See* SCR 111(7), (8).

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Jeffrey Albregts, Chair, Southern Nevada Disciplinary Board
David A. Clark, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Stein & Rojas
Perry Thompson, Admissions Office, United States Supreme Court